UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMOS HUNTER,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | NO. CV-09-105-JLQ<br><br>**MEMORANDUM OPINION and ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

Having reviewed the Plaintiff's Response (Ct. Rec. 4) to the court's Show Cause Order (Ct. Rec. 2), the court determines that the Complaint and the claims therein must be dismissed with prejudice.

*I. Background*

This controversy arises out of the criminal prosecution of David Pitts ("Pitts") before Judge Fred Van Sickle, (CR-07-133-FVS). On January 22, 2009, a Plea Agreement was entered into between Mr. Pitts, as represented by counsel, and the Government (CR-07-133-FVS, Ct. Rec. 122). The Plaintiff herein, Amos Hunter, was not a party in that action, but apparently was acting as the attorney for Mr. Pitts during the time that Pitts allegedly committed the criminal offenses. Mr. Hunter filed a Motion to Intervene and for Declaratory Relief (CR-07-133-FVS, Ct. Rec. 144) in the Pitts criminal action. Mr. Hunter contended that seven distinct factual assertions contained in the Plea Agreement, to which Mr. Hunter was admittedly not a party, were erroneous. Judge Van Sickle denied both Mr. Hunter's Motion to Intervene and for Declaratory Relief (CR-07-133-FVS, Ct. Rec. 159) and a subsequent Motion for Reconsideration (CR-07-133-FVS, Ct. Recs. 160 & 163).

ORDER - 1

On April 9, 2009, the same day Judge Van Sickle denied his Motion for Reconsideration in the criminal action, Mr. Hunter filed the civil Complaint in this action. (Ct. Rec. 1). In this Complaint, Mr. Hunter re-alleges the existence of the seven identical alleged factual inaccuracies (Ct. Rec. 1, ¶ 3.2) in the Plea Agreement that were raised before Judge Van Sickle. Mr. Hunter asserts that jurisdiction and venue are both proper pursuant to 28 U.S.C. § 2201, and that both he and the United States are interested parties thereunder.

*II. Standing*

28 U.S.C. § 2201 reads in relevant part:

> In a case of actual controversy within its jurisdiction...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Mr. Hunter contends he is an interested party under the statute (Ct. Rec. 1, ¶ 2.2). Though Mr. Hunter does not assert that he was in any way a party to the Plea Agreement or a party or attorney in the criminal action, it is his contention that because the Plea Agreement contains alleged factual inaccuracies concerning him, he is an interested party who may permissively seek declaratory relief pursuant to 28 U.S.C. § 2201 (Ct. Rec. 1, ¶ 3.2). This court does not agree, and finds that Mr. Hunter is not an interested party as defined by 28 U.S.C. § 2201.

"Our decisions have required that the dispute be 'definite and concrete, *touching the legal relations of parties having adverse legal interests';* and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " *MedImmune, Inc. V. Greentech Inc.*, 549 U.S. 118, 127 (2007)(emphasis added)(citations omitted). Mr. Hunter has no legal relationship to the Plea Agreement. The only parties to the Plea Agreement are Mr. Pitts, the criminal defendant, and the United States.

ORDER - 2

Furthermore, assuming *arguendo* that Mr. Hunter is an interested party, he simply asks the court to accept the truth of his assertions. It is thus the assertion of a person mentioned in the Plea Agreement that some facts contained therein are inaccurate. Mr. Pitts, the man who's freedom is in jeopardy in the underlying criminal action, and the prosecutors of the case who are privy to the evidence, stipulated and agreed that the facts in the Plea Agreement were accurate. Mr. Hunter's contentions cannot be considered to be anything more than a hypothetical set of facts. The Plea Agreement does not recite that Mr. Hunter committed any criminal act. If such a person were allowed to challenge the accuracy of facts in a Plea Agreement, all Plea Agreements would be subject to challenge by third parties, with the inevitable delay resulting from fact finding hearings thereon. One of the benefits flowing from Plea Agreements is the resultant time savings of scarce judicial, attorney, witness, and jury resources. To allow challenges to any and all statements contained in Plea Agreements by third parties would result in the waste of such resources.

Mr. Hunter contends that his right to the remedy he seeks is created by Article I of the Washington Constitution, which states that "[j]ustice in all cases shall be administered openly..." RCWA Const. Art. 1, § 10. This "separate, clear and specific provision entitles the public, and ... the press is part of that public, to openly administered justice." *Cohen v. Everett City Council*, 85 Wash.2d 385, 388 (1975). Assuming this State of Washington constitutional provision creates a federal due process constitutional right of action, which is in serious doubt, it is a perilously large leap in logic to conclude that the Washington State Constitution creates the remedy Mr. Hunter claims to possess. As the cases hold, the public has an interest in *open* criminal proceedings, but there remains a distinction between the public being able to access records of a proceeding, and being able to openly intervene in a court's proceeding to amend court documents when *anything* is stated or filed that a member of the public believes to be inaccurate.

*III. Issue Preclusion*

Even if Mr. Hunter had standing to bring this claim, the doctrine of issue preclusion would bar its re-litigation. Issue preclusion prevents the re-litigation of all "issues of fact or law that were actually litigated and necessarily decided" in a prior proceeding. *Segal v. American Tel. Co.*, 606 F.2d 842, 845 (9th Cir.1979). Issue preclusion does not require identical parties; preclusion may be invoked in a case involving the same plaintiff and either a party or a non-party to the first action. *Innovad Inc. v. Microsoft Corp.,* 260 F.3d 1326, 1334 (Fed.Cir. 2001).

In the case at hand, Mr. Hunter is bringing an action for identical declaratory relief, pursuant to 28 U.S.C. § 2201, as the relief he sought in his Motion in the underlying criminal case of Mr. Pitts before Judge Van Sickle. The statutory basis for the Motions in that criminal case, as well as the arguments and alleged factual inaccuracies, are identical. Judge Van Sickle denied the initial Motion, as well as the subsequent Motion for Reconsideration, and provided a well-reasoned, substantive ruling in the case of the latter. It cannot be said that Mr. Hunter did not have a full and fair opportunity to be heard, or that a final judgment on the merits was not reached by Judge Van Sickle. Furthermore, Judge Van Sickle made it clear that Mr. Hunter's concerns regarding the Plea Agreement would be taken into account.

Accordingly,

**IT IS HEREBY ORDERED**:

For the reasons heretofore stated, the Plaintiff's Complaint (Ct. Rec. 1) shall be **DISMISSED** with prejudice.

The Clerk is hereby directed to enter this Order, enter judgment dismissing the Complaint and the claims therein with prejudice, furnish copies to the parties, and close this file.

**DATED** this 4th day of May, 2009.

                              Justin L. Quackenbush
                          JUSTIN L. QUACKENBUSH
                 SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4